UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

vs.


WILLIAM WESTRY,

      Defendant.

_____/

CASE NO. 2:08-CR-20237

DISTRICT JUDGE VICTORIA A. ROBERTS

MAGISTRATE JUDGE STEVEN D. PEPE


**REPORT AND RECOMMENDATION REGARDING DEFENDANT WESTRY'S
MOTION TO DISMISS INDICTMENT (DKT. #12)**

This is a criminal matter with a one count indictment of Felon in Possession of a Firearm
in violation 18 U.S.C. § 922(g)(1). (Dkt. #1). Defendant filed a motion to dismiss the
indictment on July 16, 2008 (Dkt. #12), and the United States of America filed a response on
July 23, 2008 (Dkt. #14). This matter was referred to this Court on July 22, 2008, for hearing
and determination pursuant to 28 U.S.C. § 636 (b)(1)(A). Tthe facts and legal arguments are
adequately present in the parties' papers and the decision process would not be significantly
aided by oral arguments; therefore, the motion will be resolved on the briefs submitted pursuant
to E.D. Mich. L.R. 7.1(e)(2).

The underlying facts are giving rise to the felony charge are as follow. On January 21,
2008, the Detroit Police Department ("DPD") responded to a police run for a domestic situation
involving Defendant. Defendant's fiancee, Ashley Baker called the police concerning
Defendant's possession of a weapon at their home at 19258 Telegraph in Detroit. Upon arrival,

the officers observed Defendant leave the home, and begin climbing the stairs to a neighboring apartment. Defendant removed a .32 caliber pistol from his coat pocket and dropped the pistol to the ground. The police officers took Defendant into custody and recovered the pistol.

Defendant gave a statement to police admitting to possession of the handgun. Defendant is a twice-convicted felon, having previously been convicted of a Delivery of Narcotics under 50 grams in 1998 and Carrying a Concealed Weapon in 1997. Because of the prior felony convictions, the U.S. Attorney charged Defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

He challenges the constitutional validity of 18 U.S.C. § 922(g) based on the recent Supreme Court decision of *District of Columbia v. Heller*, ___ U.S. ___, 128 S. Ct. 2783 (2008). In *Heller*, the Court held that the Second Amendment provides an individual right to keep and bear arms in the home for protection of self and family. *Id*. at 2822. Defendant argues that the right under the Second Amendment should extend to him, the same as other individuals and that 18 U.S.C. § 922(g)(1) is unconstitutional by unreasonably restricting a felon's possession of a handgun in the home for protection of self and family.

Defendant does not suggest that Congress is prevented from regulating the possession of firearms by violent felons. He argues, however, that 18 U.S.C. § 922(g) makes no distinction between violent versus nonviolent felonies and unreasonably denies all persons previously convicted of any felony the right to possess firearms. The Supreme Court majority opinion was unequivocal that "the right secured by the Second Amendment is not unlimited." *Heller*, 128 S. Ct. at 2816. It explicitly states that "nothing in [their] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 2816-17. The Supreme Court made no distinction for nonviolent felonies. While this language technically is

dictum and not holding, it nonetheless was included to suggest the limits of the *Heller* opinion.

The Eastern District of Michigan recently decided a similar set of facts in *United States v. Henry*, 2008 WL 3285842 (E.D. Mich. Aug. 7, 2008)(Zatkoff, J.) in which the Defendant challenged the constitutionality of 18 U.S.C. § 922(g)(1) on the same ground. "Given the clear pronouncement by the *Heller* majority, the Court declines Defendant's invitation to . . . overrule the United States Supreme Court." *Id* at *1. While ruling in Defendant's favor would not be overruling the holding of *Heller*, it is recommended that this Court pay heed to its dictum suggesting that *Heller* does not make unconstitutional the felon in possession statute.

For the reasons stated above **IT IS RECOMMENDED** that Defendant's motion to dismiss the indictment is **DENIED**.

The parties to this action may object to and seek review of this Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**
Dated: August 15, 2008                                    s/ Steven D. Pepe
                                                          United States Magistrate Judge

<u>**CERTIFICATE**</u> <u>**OF**</u> <u>**SERVICE**</u>

I hereby certify that a copy of the foregoing ***Report and Recommendation*** was served on the

attorneys and/or parties of record by electronic means or U.S. Mail on August 15, 2008.

<u>s/</u> <u>Alissa</u> <u>Greer</u>
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298